IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ALLIED BUILDING PRODUCTS CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRUCE PINSLER; and STEVEN PINSLER, )<br>)<br>Defendants. ) | Case No. 12-06249<br><br>Hon. Charles R. Norgle, Sr.<br>Hearing date: January 25, 2013<br>Hearing time: 9.30 a.m. |

**PLAINTIFF, ALLIED BUILDING PRODUCTS CORP.'S LOCAL RULE 56.1(a)(1)(3) STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Allied Building Products, Corp., by and through its attorneys, O'Rourke & Moody, and pursuant to Local Rule 56.1(a)(1)(3), respectfully submits the following statement of facts in support of its motion for summary judgment.

**A.    Parties**

1.    Plaintiff, Allied Building Products Corp., is a New Jersey corporation with its principal place of business at 15 East Union Avenue, East Rutherford, NJ 07073, and is a distributor of building materials. *See* Sparks Affidavit, ¶2.

2.    Defendant, Bruce Pinsler, is a natural person, residing at 4 Elsinoor Drive, Lincolnshire, IL 60069, and is the President and sole shareholder of Galaxie Lumber & Construction Co. Ltd. ("Galaxie"). *See* Bruce Pinsler Answer, ¶5. Galaxie filed Chapter 7 bankruptcy on July 21, 2012. *See* Sparks Affidavit, ¶22, fn. 1.

3. Defendant, Steven Pinsler, is a natural person, residing at 10799 E. Caribbean Lane, Scottsdale, Arizona 85255, and was formerly the President and shareholder of Galaxie. *See* Steven Pinsler Answer, ¶6 (Exhibit B to Sparks Affidavit). He is the brother of Bruce Pinsler, and sold Bruce Pinsler his stake in Galaxie for $500,000 in 2007. *See* Steven Pinsler Answer, ¶4 of Cross-Claim for Indemnification Against Bruce Pinsler.

**B.     Jurisdiction**

4. The amount in controversy in this action is $589,141.51. (*See* Sparks Affidavit, ¶¶ 29-30).

5. Allied Building Products Corp. is a New Jersey corporation with its principal place of business in New Jersey. *See* Sparks Affidavit, ¶2.

6. Bruce Pinsler is domiciled in and is a citizen of Illinois. *See* Bruce Pinsler Answer. ¶5 (Exhibit C to Sparks Affidavit). Bruce Pinsler has admitted that the Court has subject matter jurisdiction. *See* Bruce Pinsler Answer, ¶2.

7. Steven Pinsler is domiciled in and is a citizen of Arizona. *See* Steven Pinsler Answer, ¶6. Steven Pinsler has admitted that the Court has subject matter jurisdiction. *See* Steven Pinsler Answer, ¶2.

**C.     Venue**

8. A substantial part of the events giving rise to the claims in this action occurred within this judicial district. The contracts underlying this lawsuit were executed in this judicial district. *See* Sparks Affidavit, Exhibits A, D, E, & F. The goods delivered pursuant to the contracts underlying this action were delivered to a location within this judicial district. *See* Sparks Affidavit, ¶13; Exhibit H.

9. Bruce Pinsler has admitted that venue in this district is proper. *See* Bruce Pinsler

Answer, ¶3.

10. Steven Pinsler has admitted that venue in this district is proper. *See* Steven Pinsler Answer, ¶3.

**D. Facts Supporting Liability**

*(i) First Cause of Action – Breach of Contract Against Bruce Pinsler*

11. On April 5, 2012, Bruce Pinsler signed the "Judgment Note." *See* Bruce Pinsler Answer, ¶19; Sparks Affidavit, Exhibit D.

12. Galaxie and Bruce Pinsler only partially paid the May 30, 2012 installment under the Judgment Note. *See* Sparks Affidavit, ¶19.

13. Galaxie and Pinsler have failed to make the installment payments due on June 30, 2012, July 30, 2012, August 30, 2012, September 20, 2012, October 30, 2012, November 30, 2012, and December 30, 2012. *See* Sparks Affidavit, ¶¶20 & 22.

14. Allied gave Bruce Pinsler written notice of default, which has not been cured. *See* Sparks Affidavit, ¶21.

*(ii) Second Cause of Action – Breach of Guaranty Against Bruce Pinsler*

15. On April 6, 2012, Bruce Pinsler executed a Credit Application and Agreement containing unconditional, continuing guaranty provisions in favor of Allied. *See* Bruce Pinsler Answer, ¶22; Sparks Affidavit, Exhibit E.

16. Pursuant to this Credit Application and Guaranty, Allied is entitled to service charges of 2% per month for past due invoices. *See* Sparks Affidavit, Exhibit E.

17. Between May 23, 2012 and June 13, 2012, Allied shipped additional goods to Galaxie for which the principal invoice amount of $61,536.27 remains unpaid (the "Additional Shipment Obligations"). *See* Sparks Affidavit, ¶¶25-28, Exhibit H.

3

18. Each of the Additional Shipment Obligations is past due. *See* Sparks Affidavit, Exhibit H.

19. Interest of $8,638.02 has accrued on the Additional Shipment Obligations through January 25, 2013 and continues to accrue at a rate of $43.30 per day. *See* Sparks Affidavit, ¶29, Exhibit I.

20. Pursuant to guaranty provisions of the April 6 Credit Application and Guaranty, Bruce Pinsler is liable for the Additional Shipment Obligations and the amounts owed by Galaxie under the Judgment Note in the amount of $589,141.51, to which all service charges that accrue between January 25, 2013 and the date of entry of judgment should be added. (collectively, the "Guaranteed Obligations"). *See* Sparks Affidavit, ¶30.

21. This guaranty has not been revoked. *See* Sparks Affidavit, ¶15.

22. Bruce Pinsler has breached his guaranty by failing to pay despite written demand being made. *See* Sparks Affidavit, ¶¶21-22.

  (iii)  *Third Cause of Action – Breach of Guaranty Against Bruce Pinsler*

23. On April 12, 2012, Bruce Pinsler executed a longer-form guaranty in favor of Allied. *See* Bruce Pinsler Answer, ¶23; Sparks Affidavit, Exhibit F.

24. The April 12 guaranty has not been revoked. *See* Sparks Affidavit, ¶17.

25. Pursuant to the April 12 guaranty, Bruce Pinsler is liable to Allied for the Guaranteed Obligations. *See* Sparks Affidavit, Exhibit F.

26. Bruce Pinsler has breached his guaranty by failing to pay despite written demand being made. *See* Sparks Affidavit, ¶¶21-22.

  (iv)  *Fourth Cause of Action – Breach of Guaranty Against Steven Pinsler*

27. In 2004, Steven Pinsler executed a guaranty in favor of Allied. (*See* Steven

4

Pinsler Answer, ¶12; Sparks Affidavit, Exhibit A.

    28.    The guaranty has not been revoked. *See* Steven Pinsler Answer, ¶15.

    29.    Pursuant to the guaranty, Steven Pinsler is liable to Allied for the Guaranteed Obligations. *See* Sparks Affidavit, Exhibit A.

    30.    Steven Pinsler has breached his guaranty by failing to pay despite written demand being made. (*See* Sparks Affidavit, ¶¶21-22.

**Allied Building Products, Corp.**

By: /s/ Myles P. O'Rourke
     Its Attorneys

Myles P. O'Rourke
Rafael A. Bombino
O'ROURKE & MOODY
55 W. Wacker Dr., Suite 1400
Chicago, Illinois 60601
(312) 849-2020 Ph
(312) 849-2021 Fax

**CERTIFICATE OF SERVICE**

      I, Myles P. O'Rourke, hereby certify that on January 10, 2013, I caused a copy of the foregoing Statement of Facts to be served on the counsel of record via the Court's ECF system.


/s/ Myles P. O'Rourke